

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred O. Jaye
County Attorney, Comanche County
Comanche, Texas

Dear Sir:

Opinion No. O-5745
Re: Whether the order of the
Commissioners' Court quoted
herein established the
"neighborhood" road as
a public road under the
laws of this State.

Your letter of December 1, 1943, requesting the opinion
of this department on the question stated therein reads, in
part, as follows:

"We have a preplexing problem in this County.
It is one which I feel unable to handle without
the advice and help of your office. The problem
involves a dispute over the closing of a road in
this County which has been in use for many years.
Some twenty-five years ago the Commissioners' Court
of this County passed the following order:

"'Ordered that a public road of the
first class 40 feet wide be opened as
follows: Beginning at a point on the Com-
anche and Fellowship road just East of the
South Leon, near the home of N. S. Hicks,
Thence in an Easterly direction following
the meanderings of the said South Leon
through the land of C. D. Cozby to the
West line of the P. W. Levisay land; thence
in a Northeasterly direction through the P.
W. Levisay land to the Northwest corner of
the land of Mrs. Gandy. Thence in an East-
erly direction between the Levisay land and
the Gandy land to the Northeast corner of
the Gandy land; thence in a northerly direc-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

tion through the P. W. Levisay land to
an intersection with the Comanche and
Goldthwaite road at the Junction of the
said Comanche and Goldthwaite road with
the Comanche and the Newburg road. This
road is to be opened and fenced without
expense to the county. This road is
opened as described on the agreement of
all parties concerned that the gates on
a neighborhood road through the lands of
G. D.Cozby, J. D. Farrar and P. W. Levi-
say be opened and remain open on the
stipulation that parties interested in
the use of this neighborhood road furnish
stock gaps or self closing gates as the
case may require.'

"The above order does not reveal the location
of the two roads with reference to direction. I
am attaching a plat hereto giving in rough outline
the relative direction of each road. The question
I desire that your office pass upon is this:

"When the Commissioners' Court of this county
acted upon a petition duly presented to it and es-
tablished the road designated as the 40 foot road,
and in the same order decreed that another road
then in use referred to in the order as the
"neighborhood" road running through the land of
parties named in the order be maintained with stock
gaps or self closing gates - did this order establish
the so called "neighborhood" road as a public road
under the laws of this State."

Article 6702, Vernon's Annotated Civil Statutes, provides:

"All public roads and highways not discon-
tinued that have heretofore been laid out and
established agreeably to law are hereby declared
to be public roads."

Referring to Article 6702, supra, it is stated in Texas
Jurisprudence, Vol. 21, page 534:

"The statute relating to county roads refers
to all public roads and highways not discontinued

and established agreeably to law. This has
been construed to mean a road established by
the commissioners' court. The expression
'public road' in other statutes is generally
construed to include nonstatutory as well as
statutory roads; but 'public county road'
signifies a road which has been established
by statutory proceedings. * * *" (See
Stephenson v. St. Louis Southwestern Railway
Company, 164 S. W. 1125, Error Refused.)

Generally speaking, under statutory direction commissioners'
courts classify roads as of the first, second or third class. (Arti-
cle 6704, Vernon's Annotated Civil Statutes) Neighborhood roads
are distinguished from other roads in that they are established
under special procedure. (See Article 6711, Vernon's Annotated
Civil Statutes).

In the case of Jameson v. Erwin, County Judge, et al, 91 S.
W. (2d) 1129, it is stated:

"It is well settled by many decisions of our
appellate courts that a strict compliance with
the statutory provisions contained in chapter 2,
title 116, Revised Civil Statutes (article 6702,
et seq.) is necessary to confer jurisdiction on
the commissioners' court to lay out and establish
the public roads in this state. Haverbekken v. Hale,
109 Tex. 106, 204 S. W. 1162; Hill b. Taylor County
(Tex. Civ. App.) 294 S. W. 868, and authorities
there cited.

* * * *

"The fact that the portion of the road running
through the land north of the Jameson tract had
been in use as a neighborhood road for the conven-
ience of citizens of that immediate community for
over 40 years, as found by the trial court, did
not establish its status as a statutory public
road of the third class to be supervised by the
county commissioners in accordance with the pro-
visions of article 6713, Rev. Civ. Statutes. * * *"

There is nothing in the order of the commissioners' court,
as quoted above, that would indicate that the road designated as

Honorable Fred O. Jaye, page 4

"neighborhood" road was established as a neighborhood road under the provisions of Article 6711, Vernon's Annotated Civil Statutes, or that such road was designated and established by the commissioners' court and classified as of the first, second or third class. Stated another way, there is nothing in the foregoing order of the commissioners' court indicating that the "neighborhood" road was established by the commissioners court by statutory proceedings or otherwise.

In view of the foregoing authorities, it is our opinion that the "neighborhood" road is not a public road established by the commissioners' court under the provisions of Chapter 2, Title 116, Vernon's Annotated Civil Statutes.

Generally speaking, it is well established that to the county authorities there is reserved the right to lay out, establish and maintain public roads, notwithstanding there may be public roads neither laid out or maintained by the county, as, for instance, by dedication or prescriptive use.

It is stated in the case of Hoffman v. Bynum, 101 S. W. (2d) 600:

> "* * * It is the settled law of this state that a public highway may be created by a long use by the public carried on in such a manner and persisted in for such a length of time as to give a right by prescription or limitation. Porter v. Johnson (Tex. Civ. App.) 151 S. W. 599; 21 Tex. Jur. 546, 549, 550. The authorities recognize the difficulty in enforcing the law of limitation as it relates to a public road. See Meckel v. Davis (Tex. Civ. App.) 39 S. W. (2d) 1105; 6 Tex. Law Rev. 365. But notwithstanding the difficulty of its application, the public can acquire a prescriptive right to a public road. * * *"

Whether the "neighborhood" road here involved is a public road created by a long use by the public carried on in such a manner and persisted in for such a length of time as to give a right by prescription, dedication or limitation presents a fact question on which this department cannot express any opinion.

APPROVED DEC 20, 1943

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Ardell W

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN

AW:EP